1

2

3                      UNITED STATES DISTRICT COURT

4                            DISTRICT OF NEVADA

5                                    * * *

6    DAVID ABARRA,                              Case No. 3:22-cv-00131-MMD-CSD

7                            Plaintiff,          ORDER

8         v.

9    CALVIN JOHNSON, *et al.*,

10                          Defendants.

11        Plaintiff David Abarra brings this civil-rights action under 42 U.S.C. § 1983 to

12   redress constitutional violations that he claims he suffered while incarcerated at High

13   Desert State Prison. (ECF No. 1-1.) On March 18, 2022, this Court ordered Abarra to file

14   a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on

15   or before May 17, 2022. (ECF No. 4.) The Court warned Abarra that the action could be

16   dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with

17   all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at

18   3.) That deadline expired and Abarra did not file a fully complete application to proceed

19   *in forma pauperis*, pay the full $402 filing fee, or otherwise respond. Furthermore, the

20   Court's order was returned as undeliverable because Plaintiff has not updated the Court

21   with his current address. (ECF No. 5.)

22        District courts have the inherent power to control their dockets and "[i]n the

23   exercise of that power, they may impose sanctions including, where appropriate . . .

24   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

25   (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

26   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

27   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

28   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

     Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Abarra's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Abarra either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second

order would even reach Abarra is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Abarra's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's March 18, 2022, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Abarra wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 3rd Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE